IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GATHRIGHT,

    Plaintiff,

vs.

UNITED STATES DISTRICT COURT,

    Defendant.

                     /

No. CIV S-06-0006 DFL DAD P

ORDER

    Plaintiff, a state prisoner at Pelican Bay State Prison, is proceeding pro se and purportedly seeks relief pursuant to 42 U.S.C. §§ 1981,[1] 1983, and

/////
/////
/////
/////
/////

---

[1] This statute provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981.

1

1985 (c)². Plaintiff has not paid the filing fee or submitted an application requesting leave to proceed in forma pauperis.

The court will order plaintiff to pay the filing fee or to submit an in forma pauperis application. Plaintiff is cautioned that should he decide to proceed with this action, the court will recommend that this case be dismissed as frivolous. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his amended complaint, plaintiff contends that the exhaustion requirement under the Prisoner Litigation Reform Act violates his rights to due process and equal protection. Plaintiff names the U.S. District Court for the Eastern District of California and the "prison litigation Reform act," as defendants. (Am. Compl., filed 2-16-06 at 3.)³ He requests that the

---

² Section 1985 of the Civil Rights Act "proscribes conspiracies to interfere with civil rights." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991) (en banc). The statute specifically provides that

> [i]f two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). A § 1985 claim must be based on allegations that establish the existence of a conspiracy. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). However, that statute contains no subsection (c).

³ Because plaintiff filed an amended complaint, the court has disregarded plaintiff's original complaint, filed on January 3, 2006. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

court find the Act to be unconstitutional, that two billion dollars in punitive damages be awarded, and that an injunction be issued "to stop the prison litigation reform act from dismissing lawsuite [sic] for not exhausting administrative remedies until this action is trial [sic] by a jury and that a judgment be against the defendants. . . ." (Id. at 7.)

Plaintiff is informed that the exhaustion requirement imposed under the Prisoner Litigation Reform Act has been upheld. See Porter v. Nussle, 534 U.S. 516, 524-25 (2002) ("Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (holding that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."); McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (holding that exhaustion is required prior to filing the lawsuit). In addition, plaintiff is informed that in order to state a claim under 42 U.S.C. § 1983, he must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Here, the District Court and the PLRA are not proper defendants and plaintiff has failed to state a cognizable claim under §§ 1981 and 1985. Plaintiff has not alleged a conspiracy or discrimination in the application of the exhaustion requirement.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, the appropriate filing fee of $250.00, or a request to have this action voluntarily

---

general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

1  dismissed; plaintiff's failure to comply with this order will result in the dismissal of this action;
2  and
3          2. The Clerk of the Court is directed to send plaintiff an Application to Proceed
4  In Forma Pauperis By a Prisoner.
5  DATED: October 23, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

9  DAD:4
   gath0006.3a